IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

CARL MICHAEL HOPPER,
ADC #115793                                                                                                    PLAINTIFF

v.                                                1:09CV00007SWW/HLJ

DR. J. IRVIN,                                                                                                 DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

This matter is before the Court on the defendant's motion for summary judgment (DE #66). Plaintiff has filed a response in opposition to the motion (DE #69).

Plaintiff, a state inmate incarcerated at the North Central Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging deliberate indifference to his serious medical needs with respect to his medical classification. Specifically, plaintiff alleges he was born with a deformity to his left hand, and as a result, is restricted to jobs which can be performed with one hand only. Plaintiff alleges defendant Irvin continues to classify him as M-2, with some medical restrictions, when he should be classified as M-4, which is for inmates with disabilities that limit the jobs they can perform. By Order dated April 8, 2009, defendants Norris and Kelley were dismissed from plaintiff's complaint. Plaintiff asks for monetary and injunctive relief, in the form of longer shower time and a script for a cordless beard trimmer.

According to the mostly undisputed facts, the plaintiff's deposition and medical records, and the defendant's affidavit (DE #66, Ex. A, B, C), ,when plaintiff entered the ADC in July, 1999, he was classified medically as M-2, with restrictions, based on his left hand deformity. He was examined in November, 2003, at which time he was again classified as M-2, with restrictions on prolonged crawling, stooping, running, jumping, walking or standing, assignments requiring exposure to high temperatures, assignments requiring lifting materials in excess of 20 pounds, and further limited to one-arm duty with a permanent no-shave script. Defendant Irvin examined plaintiff in July, 2008, for complaints relating to asthma, and ordered a chest x-ray and pulmonary function test. The results of both tests indicated no presence of asthma. Some time during this period, plaintiff was given an additional restriction permitting fifteen-minute showers (as opposed to the regular allotted time of ten minutes). In November, 2008, defendant conducted a physical exam of plaintiff and ordered that all his prior restrictions be continued, and that he continue to be medically-classified as M-2.

Plaintiff stated in his deposition that prior to his incarceration, he worked at Emerson Electronics snapping small parts together, at Flexsteel as a custodian, at Wal-Mart as a frozen food stocker, and at Taco Bell as a cashier. While incarcerated, plaintiff has worked in a dishwashing job in the kitchen, spraying off dishes and placing them in the dish machine.

## II. Summary Judgment

A. Defendant's Motion

In his motion for summary judgment, defendant states plaintiff can not support his claim for deliberate indifference against him, because plaintiff has been classified as M-2 since he was initially incarcerated, because plaintiff has been granted numerous restrictions, because defendant has never refused to examine and treat plaintiff, and because plaintiff's allegations amount to a disagreement with

defendant's medical assessment. In addition, defendant notes that plaintiff does not allege any actual injury as a result of his classification. According to plaintiff's deposition, plaintiff has not been assigned to a job that he could not perform and has not suffered any injury as a result of his medical classification and related job assignment. According to defendant, plaintiff's concern is speculative, based on a possibility that as a M-2 inmate he might some time in the future be assigned to a job which he is not capable of performing. Defendant states such speculation does not support an Eighth Amendment claim against him.

B.  Plaintiff's Response

In response, plaintiff states he is disabled, and should be classified as M-4, which is for disabled inmates. He states although he has performed numerous jobs in the past, they were all performed with one hand, and that some jobs exist within the M-2 classification which require two-hand duty. Plaintiff states defendant's refusal to re-classify him shows his deliberate indifference. Plaintiff also states fifteen-minute showers are not sufficient, and asks for forty-five minute baths in the infirmary. Finally, plaintiff asks that he be permitted to purchase a cordless beard trimmer.

C. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the

pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

D.  Analysis

In order to support a claim for an Eighth Amendment violation, plaintiff must prove defendant was deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 827 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 197 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 901 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

In this particular case, plaintiff presents absolutely no evidence in support of a claim of deliberate indifference by the defendant.  Plaintiff does not allege he has been required to perform jobs in

violation of his classification and restrictions. Rather, his complaint appears to be over the formal classification designation, and he does not take into account the restrictions which accompany his classification. For example, he states a person classified as M-2 could technically be required to perform jobs requiring two hands, for which he is incapable. However, he does not take into account the fact that his classification includes a one-hand duty restriction. Plaintiff has provided no evidence that any of defendant's actions were deliberately-indifferent to his serious medical needs. Rather, plaintiff's claim amounts to a disagreement with defendant's decision, which does not support a constitutional violation. See Long v. Nix, supra. In addition, plaintiff admits he has not been required to perform a job which resulted in an injury to him, but rather, speculates that his present classification could result in an impossible job assignment if another physician determined such to be appropriate. This does not support a finding of harm, and absent such, the Court finds his claim against defendant should be dismissed. In addition, plaintiff provides no evidence to support his additional claims for forty-five minute bath times and a cordless shaver. Accordingly,

IT IS, THEREFORE, ORDERED that defendant's motion for summary judgment (DE #66) is hereby GRANTED, and plaintiff's complaint against defendants is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 4th day of November, 2009.

_____
United States Magistrate Judge